UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES PETTUS,

                Plaintiff,

           -v.-                                      9:06-CV-1245
                                                                          (TJM)(DRH)

SUPT. CORCORAN, Cayuga Correctional Facility;
McCOY, Cayuga Correctional Facility;
LT. SIMMS, Cayuga Correctional Facility;
GLENN GOORD; TERESA KNAPP-DAVID;
and JOHN AND JANE DOES;

                Defendants.

---

APPEARANCES:

JAMES PETTUS
03-R-3597
Plaintiff, *pro se*

Thomas J. McAvoy, Senior United States District Judge

## ORDER

**I.    Background**

Presently before the Court is a civil rights complaint and application to proceed *in forma pauperis* brought by Plaintiff James Pettus, who is currently incarcerated at Great Meadow Correctional Facility.[1]  Dkt. Nos. 1, 2.

In his complaint, Plaintiff alleges that Defendants Goord, Teresa Knapp David,[2] Corcoran, McCoy, and John and Jane Does have acted with "deliberate indifference" in creating and enforcing

---

[1] Plaintiff has filed eleven other cases in this District, five of which are pending. *See Pettus v. Geaver et al*, 04-CV-0228; *Pettus v. Richards et al*, 9:06-CV-0030; *Pettus v. Brown et al*, 06-CV-152; *Pettus v. DOE et al*, 06-CV-0996; *Pettus v. Atkinson et al*, 06-CV-1375.

[2] The Court notes that Plaintiff's allegations against Defendant Teresa Knapp-David appear to be similar to, or even related to, the allegations Plaintiff alleges against her in *Pettus v. Richards et al*, 06-CV-0030.  Plaintiff is advised that he cannot litigate the same claims against the same Defendant in more than one Court action.

a policy that allows a non-violent inmate to be placed in a maximum security facility when the inmate is assigned to the SHU unit. Dkt. No. 1 at 9. Plaintiff alleges the policy has caused his life, safety, health, and well-being to be in constant jeopardy. *Id.* at 11. Plaintiff alleges Defendant Lt. Simms violated Plaintiff's civil rights by designating Plaintiff's ticket a "Tier III." *Id.* at 15. For a complete statement of Plaintiff's claims, reference is made to the complaint.

## II.     *In forma pauperis* Application

After reviewing the entire file herein, the Court finds that Plaintiff's *in forma pauperis* application may be granted.

## III.    The Complaint

In reviewing Plaintiff's complaint, the Court has followed the Second Circuit's instructions that courts should construe the pleadings of *pro se* litigants liberally and should excuse technical pleading irregularities, provided that those irregularities "neither undermine the purpose of notice pleading nor prejudice the adverse party." *Phillips v. Girdich,* 408 F.3d 124, 127-28 (2d Cir. 2005) (citations omitted).

### A.    *Plaintiff's Previous Petition, Pettus v. McCoy et al*

Plaintiff's complaint states that he is "re-submitting [his] claim, which was dismissed," on September 13, 2006. Dkt. No. 1 at . Plaintiff is referring to *Pettus v. McCoy et al,* 04-CV-0471, which was dismissed, without prejudice. Defendant McCoy is the only Defendant in *Pettus v. McCoy et al* that is included in this action. Plaintiff has requested the Court to incorporate exhibits and "opposition papers" from Plaintiff's previous petition into this action. *Id.* at 8. Plaintiff's request is denied. This Court will only consider the pleadings and exhibits that are filed in this

2

action as a basis for determining the facts and merits of this action.[3]

### B.   Defendants John and Jane Does

Plaintiff has listed as Defendants ' "all" and "any" John and Jane Does who work movement and classification.' Dkt. No. 1 at 14.  The United States Marshals Service can only effect service of a summons and complaint on identifiable individuals.  Plaintiff is therefore directed to take reasonable steps to ascertain the identity of each of these Defendants.  Upon learning the identity of any of these individuals, Plaintiff must amend his complaint to properly name him or her as a Defendant herein.  If Plaintiff fails to ascertain the identity of any of the John and Jane Does so as to permit the timely service of process, this action will be dismissed as against him or her.

### C.   Allegations against Lt. Simms

Plaintiff has alleged claims against Lt. Simms that concern the same facts as Plaintiff has alleged against a Lt. Zimms in *Pettus v. Zimms,* 04-CV-0802.[4]  The Court believes Lt. Simms and Lt. Zimms to be one in the same.[5]  Thus, Plaintiff has attempted to bring the same action against the same Defendant in two separate actions.  Plaintiff is reminded that he cannot relitigate the same claims against the same Defendant after the Court has reached a decision, unless the Court has dismissed the action without prejudice.  Plaintiff's complaint against Lt. Zimms was dismissed for

---

[3] If Plaintiff meant to include other allegations in his complaint, Plaintiff may file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

[4] The Court notes that the exhibits in *Pettus v. Zimms* appear to indicate that the correct spelling of Lt. Zimms name is Lt. Zimmer.  *See* 04-CV-0802, Dkt. No. 1 at 12.

[5] In *Pettus v. Zimms*, Plaintiff alleged that Lt. Zimms inappropriately enhanced a Tier II violation to a Tier III violation (*Pettus v. Zimms*, Dkt. No. 1 at 6) concerning an incident on February 18, 2004 where Plaintiff failed to "properly spread his butt cheeks" and failed to allow a search of his mouth during a strip frisk (*Id.* at 10).  Plaintiff, during that incident, is also alleged to have refused several direct orders from several correctional officers.  *Id.*  In this action, Plaintiff is alleging that Lt. Simms designated a ticket a Tier III violation for "improperly spreading my butt-cheeks."  Dkt. No. 1 at 15.

failure to state a claim.[6]  Therefore, the allegations against Lt. Simms must be dismissed.[7]

**WHEREFORE**, it is hereby

**ORDERED,** that Lt. Simms to Dismissed, without prejudice, as a Defendant, and it is further

**ORDERED**, that the Plaintiff's *in forma pauperis* application is **GRANTED**.[8]  The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the Defendants, together with a copy of this Order.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order; and it is further

**ORDERED**, that the Clerk shall provide the Superintendent of the facility designated by the Plaintiff as his current location with a copy of the Plaintiff's authorization form, and notify the official that this action has been filed and that the Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of the Plaintiff's authorization form to the

---

[6] Plaintiff's complaint in *Pettus v. Zimms* was dismissed because his claims, as alleged, were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (Section 1983 claim for damages **not** cognizable if a decision in favor of Plaintiff would necessarily invalidate a criminal conviction unless that conviction has been overturned or otherwise invalidated),. and *Edwards v. Balisok* 520 U.S. 641 (1997)(extending *Heck* to inmate disciplinary proceedings challenging the loss of good time credits).

[7] If Plaintiff contends that he is alleging a different claim against Lt. Simms than he alleged against Lt. Zimms, then Plaintiff must file an amended complaint that alleges **specific facts** to allow this Court to determine that the allegations against Lt. Simms are different than the allegations against Lt. Zimms, or that they are, in fact, two different individuals.

[8] The Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

Financial Deputy of the Clerk's Office; and it is further

**ORDERED,** that Plaintiff take reasonable steps to ascertain the identity of the John and Jane Doe Defendants listed in the complaint, and it is further

**ORDERED**, that a response to Plaintiff's complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

Dated: December 11, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

5