UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES PETTUS,

                              Plaintiff,

      v.                                                          9:06-CV-1245

SUPT. CORCORAN, et al

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Presently before the Court is a *pro se* civil rights complaint brought by Plaintiff James Pettus. Dkt. No. 1. Plaintiff is currently incarcerated at Great Meadow Correctional Facility ("Great Meadow") under the custody of the New York State Department of Correctional Services ("DOCS"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, four DOCS employees, violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Dkt. No. 1. In his Complaint, Plaintiff alleges that Defendants Corcoran, McCoy, Goord, and Knapp-David acted with "deliberate indifference" in creating and enforcing a policy that allows a non-violent inmate to be placed in a maximum security facility by assigning the inmate to the Security Housing Unit ("SHU"). Dkt. No. 1 at 6, 9. Plaintiff alleges the policy has caused his life, safety, health, and well-being to be in constant jeopardy. Id. at 11–12. Specifically, Plaintiff has made the following

allegations: (1) illegal seizure; (2) psychological and physical injury, damage, and harm; (3) denial of adequate medical care; (4) harassment; and (5) filing false misbehavior reports. Dkt. No. 1 at 6–7.

Defendants move to dismiss claiming that Plaintiff's *in forma pauperis* ("IFP") status should be revoked pursuant to 28 U.S.C. § 1915(g) because of his numerous prior frivolous lawsuits. In response, Plaintiff alleges that he is "under imminent danger of serious physical injury" and is, therefore, not barred from maintaining the present action. See 28 U.S.C. § 1915(g)[1]; Dkt. No. 29.

I.   DISCUSSION

   A. Plaintiff's IFP Status

Defendants seek dismissal of the Complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.[2] When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See Polanco v. Burge, No. Civ. 05-651, 2006 WL 2806574, at *2 (N.D.N.Y. May 12, 2006); McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). The "three strikes" provision contains a narrow exception which permits suits,

---

[1] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2] "Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

- 2 -

notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Since 1999, Plaintiff has filed over fifty federal actions in courts in the Second Circuit involving his incarceration in DOCS facilities.  See Dkt. No. 20, Def. Ex. A; see also Pettus v. Goord, No. Civ. 04-253 (LEK/RFT), 2006 WL 2806551, at *1 n.1 (N.D.N.Y. Sept. 28, 2006) (detailing Pettus' extensive litigation history in the federal courts); Dkt. No. 20, Def. Ex. Z.  Of these fifty, twelve have been filed in this District, five of which are pending. See Pettus v. Geaver et al, No. Civ. 04-0228 (N.D.N.Y. Jan. 29, 2007); Pettus v. Goord et al, No. Civ. 04-0253 (N.D.N.Y. Sept. 28, 2006);  Pettus v. McCoy et al, No. Civ. 04-0471 (N.D.N.Y. Sept. 13, 2006); Pettus v. Richards et al, No. Civ. 04-0260 (N.D.N.Y. Mar. 29, 2005); Pettus v. Brown et al, No. Civ. 04-0450 (N.D.N.Y. Mar. 29, 2005); Pettus v. Selsky, No. Civ. 04-0627 (N.D.N.Y. Sept. 14, 2004); Pettus v. Zimms, No. Civ. 04-0802 (N.D.N.Y. Nov. 9, 2004); Pettus v. Richards et al, No. Civ. 06-0030 (N.D.N.Y. filed Jan. 10, 2006); Pettus v. Brown et al, No. Civ. 06-152 (N.D.N.Y. filed Feb. 3, 2006); Pettus v. Ebert et al, No. Civ. 06-0996 (N.D.N.Y. filed Aug. 17, 2006); Pettus v. Atkinson et al, No. Civ. 06-1375 (N.D.N.Y. filed Nov. 13, 2006); Pettus v. LeClaire et al, No. Civ. 07-0008 (N.D.N.Y. filed Jan. 3, 2007).

The Second Circuit has dismissed eight of Plaintiff's appeals because they were either frivolous or lacked an arguable basis in fact or law.  See Pettus v. Singn, No. Civ. 05-2251 (2d Cir. Dec. 21, 2005); Pettus v. Mangano, No. Civ. 05-3048 (2d Cir. Dec. 7, 2005); Pettus v. Clarke, No. Civ. 05-1314 (2d Cir. Nov. 18, 2005); Pettus v. Zimms, No. Civ. 04-6174 (2d Cir. Oct. 3, 2005) (warning Pettus that "future filing of frivolous appeals in this Court may result in the imposition of sanctions"); Pettus v. Holmes, No. Civ. 05-1280 (2d Cir. Sept. 23, 2005); Pettus v. West, No. Civ. 05-603 (2d Cir. July 8, 2005); Pettus v. Duois,

No. Civ. 04-5893 (2d Cir. Feb. 24, 2005); Pettus v. Halem, No. Civ. 01-223 (2d Cir. Jan. 28, 2002).

Further, the Eastern, Southern, and Western Districts of New York have barred Plaintiff pursuant to § 1915(g) from filing any IFP complaints (except where he is under imminent danger of serious physical injury). See Pettus v. Mangano, No. Civ. 05-1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005) ("In light of [Pettus'] extensive history of filing meritless lawsuits . . . this Court has barred [Pettus] pursuant to 28 U.S.C. § 1915(g) from filing any [IFP] complaints unless he is under imminent danger of serious physical injury."); Pettus v. Clarke, No. Civ. 05-1439 (MBM), at Dkt. No. 20, Def. Ex. K (S.D.N.Y. Feb. 4, 2005) ("[Pettus] continues to be barred from filing any civil action in this court under the [IFP] statute while he is a prisoner, unless his allegations bring his complaint within the terms of the statute's 'imminent danger' exception."); Pettus v. West, No. Civ. 05-6006 (WMS), at *2–3 (W.D.N.Y. Jan. 21, 2005) ("[B]ecause [Pettus] has had three or more 'strikes' for purposes of 28 U.S.C. § 1915(g) and because [Pettus] has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed [IFP] is hereby denied.").

It is clear that Plaintiff has surpassed the "three strikes" threshold established by 28 U.S.C. § 1915(g). Therefore, Plaintiff's IFP status should be revoked unless he can demonstrate he is under imminent danger of serious physical injury.

### B. Imminent Danger Exception

Plaintiff claims he is under imminent danger of serious physical injury and consequently falls under the exception provided by 28 U.S.C. § 1915(g). This exception is available "[w]hen a threat or prison condition is real and proximate, and when the potential

consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Under 28 U.S.C. § 1915(g), the danger must exist at the time when the complaint was filed. See Malik v. McGinnis, 293 F. 3d 559, 562–63 (2d Cir. 2002). A review of Plaintiff's Complaint and reply to Defendants' motion to dismiss shows that Plaintiff was not facing imminent danger at the time he filed his Complaint.

In his reply to Defendants' motion to dismiss, Plaintiff alleges two potential sources of his alleged imminent physical danger. Dkt. No. 29. Plaintiff claims that he fears for his safety as a result of an alleged threat made by a vocations supervisor at Great Meadow and that his medical condition places him in immediate jeopardy.

First, in a grievance complaint filed on June 5, 2006, Plaintiff alleged that an unnamed "heavy set" civilian employee in charge of vocation threatened him. Dkt. No. 29 at 13. According to Plaintiff, this anonymous employee said, "your medical issues are a joke and this game is going to stop. And I am going to get you." Id. (punctuation omitted). Plaintiff claims that this event left him in fear of retaliation. There is nothing else in the record regarding this incident or any others like it.

The incident that Plaintiff complained about on June 5, 2006 occurred over four months before Plaintiff filed his complaint. The record does not suggest that this incident gave rise to any further confrontation or threats. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 n.1 (3d Cir. 2001) ("[G]eneralized allegations strike us as insufficient to connect the separate incidents . . . into a pattern of threats of serious physical injury that are ongoing."). Furthermore, the words allegedly used against Plaintiff–"this game is going to stop" and "I am

going to get you"–do not seem to pose an imminent danger to Plaintiff's physical health.[3] These alleged threats are lacking in specificity, and, more importantly, when put back into the context in which they were said, merely show the employee's desire to put an end to what he saw as Plaintiff's medical charade.  Regardless of how reasonable Plaintiff may have been in feeling threatened, there is nothing in his Complaint or filing with the Court that shows such a threat was imminent or likely to cause serious physical injury.  Further, although Plaintiff alleges in his Complaint that his incarceration in a maximum security facility with "anti-social, hostile, aggressive, and violent inmates" has placed him in imminent physical danger, such conclusory allegations are insufficient to qualify for the "imminent danger" exception.  See Pettus v. Mangano, No. Civ. 05-1834, 2005 WL 1123761, at *1 ("Were this Court to hold that such speculation is sufficient to satisfy the 'imminent danger' requirement, this Court would effectively create a blanket exception to the 'three strikes' rule for all inmates of maximum security prisons.").

Second, Plaintiff claims his medical problems have placed him in imminent physical danger.  On August 20, 2004, Dr. Wesley Canfield examined Plaintiff's lumbosacral spine.  Dkt. No. 29 at 25.  Dr. Canfield determined that Plaintiff was experiencing degenerative changes at the lumbar vertebrae 3 and 4 (L3-4).  Id.  Dr. Canfield also noted there was no evidence of acute fracture or dislocation.  Id.  On September 27, 2004, Dr. Chen Yin examined Plaintiff's lumbar spine.  Id. at 26.  Dr. Yin identified mild degenerative changes in the lower lumbar spine, while finding the soft tissues unremarkable and no evidence of acute fracture or dislocation.  Id.  On the night of April 11, 2005, Plaintiff fell in his cell and injured

---

[3] This is particularly so in light of the fact that nothing has apparently happened to Plaintiff, either at the time of filing the Complaint or until the present.

his back.  Id. at 14.  As a result, Plaintiff was seen by the Great Meadows medical staff five times between April 12, 2005 and April 21, 2005, whereby he was treated and prescribed the proper medication.  Id. at 14–15.  Dr. Canfield reexamined Plaintiff's lumbosacral spine on May 3, 2005.  Id. at 14, 27.  Dr. Canfield observed degenerative changes, now accompanied by endplate osteophyte formation and disc space narrowing, specifically at the lumbar vertebrae 4 and 5 (L4-5) and the lumbosacral joint (L5-S1).  Id.  Dr. Canfield further identified degenerative changes in Plaintiff's hips.  Id.  However, Dr. Canfield concluded that Plaintiff had no acute disease.  Id.  Dr. Howard Silverberg examined Plaintiff on March 8, 2006.  Id. at 24.  In his final report, Dr. Silverberg determined that Plaintiff had a "moderately severe L4-5 degenerative disc disease with milder changes throughout the remainder of the lumbar spine, particularly [at] L3-4."  Id.  This is the extent of Plaintiff's medical problems.

As a result of these medical determinations, Plaintiff was placed on medically or psychologically unable to program ("MPU") status, whereby he was restricted indefinitely from heavy lifting.  Id. at 20–21.  Dr. Silverberg also took Plaintiff off of program for ninety days on May 30, 2006.  Id.

Based on the evaluation provided by and actions taken by Dr. Silverberg, Plaintiff's medical condition does not pose an imminent danger of serious physical injury.  Rather, the actions taken by Dr. Silverberg and the staff at Great Meadow to restrict Plaintiff's activities and treat his condition show a concerted effort to minimize Plaintiff's exposure to physically dangerous situations, thereby removing any imminent harm.  See, e.g., White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (finding inmate's vague assertions and unsubstantiated allegations of withheld medical treatment insufficient to establish imminent danger where inmate was seen numerous times by physician); contra McAlphin v. Toney,

281 F.3d 709, 710–11 (8th Cir. 2002) (finding "imminent danger" standard satisfied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and an untreated, spreading mouth infection that required two additional tooth extractions).

Under 28 U.S.C. § 1915(g), Plaintiff has failed to show that he is in imminent danger of serious physical injury. Therefore, Plaintiff's Complaint does not fall within the IFP exception.

## II. CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' motion to dismiss is GRANTED. The Order granting Plaintiff IFP status, Dkt. No. 4, is VACATED because the Court finds that Plaintiff has accumulated more than "3 strikes" for purposes of 28 U.S.C. § 1915(g). Plaintiff's Complaint is DISMISSED without prejudice as to all defendants and all claims unless Plaintiff pays the filing fee within thirty (30) days of the date of this order. **Plaintiff is further cautioned that, pursuant to Fed. R. Civ. P. 11, any frivolous filings will subject him to the imposition of sanctions.** Plaintiff is further ORDERED to represent on any future application for IFP status on any case brought in a court of the United States while Plaintiff is incarcerated or detained in any facility that he has received three strikes under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: June 26, 2007

Thomas J. McAvoy
Senior, U.S. District Judge